UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:14-cv-04229-CAS(JCx) | Date | August 26, 2016 |
|---|---|---|---|
| Title | LANDMARK AMERICAN INSURANCE CO. v. KENT DE-HUI WU, ET AL. | | |

Present: The Honorable    CHRISTINA A. SNYDER

| Catherine Jeang | Not Present | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:     Attorneys Present for Defendants:

Not Present      Not Present

**Proceedings:**    (IN CHAMBERS) - EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER REQUIRING PLAINTIFF TO ABIDE BY THE COURT'S ORDER (Dkt. 58, filed August 15, 2016)

      This declaratory judgment action concerns the scope of Landmark American Insurance Company's ("Landmark") duty to defend under a commercial general liability policy ("the policy") first issued to Wuster & Chewy LLC ("Wuster") for the coverage period of September 1, 2009 to September 1, 2010.  Compl. at ¶ 11.  In March 2014, Wuster and its related entities sought tender of defense from Landmark in a suit filed in the United States District Court for the Northern District of Georgia, see Glock, Inc. v. Kent De-Hui Wu, et al., Case No. 1:14-cv-00568 (N.D. Ga. filed Feb. 26, 2016) ("the underlying litigation" or "the Glock litigation").  On April 21, 2014, Landmark assumed the defense of Wuster and its related entities pursuant to a full reservation of rights.  Shortly thereafter, on June 2, 2014, Landmark filed the instant declaratory judgment action against defendants Kent De-Hui Wu, May-Fong Chu, The Wuster Inc., Wuster & Chewy LLC (collectively the "insureds"); Glock, Inc. ("Glock"); and Sentinel Insurance Company, Ltd. ("Sentinel").[1]  Dkt. 1.

---

[1] Landmark's complaint seeks (1) a declaration that pursuant to the terms of the policy, Landmark has no duty to defend the insureds in the underlying litigation; (2) a declaration that Landmark has no duty to indemnify the insureds for any disgorgement of profits ordered in the underlying litigation; (3) reimbursement of all defense fees, costs, and other expenses incurred by Landmark in defense of the insureds in the underlying litigation for uncovered claims; (4) equitable contribution from Sentinel, which allegedly issued the insureds a separate insurance policy that may cover the underlying litigation;

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**   'O'

| Case No. | 2:14-cv-04229-CAS(JCx) | Date | August 26, 2016 |
|---|---|---|---|
| Title | LANDMARK AMERICAN INSURANCE CO. v. KENT DE-HUI WU, ET AL. | | |

In an order dated September 22, 2014, this Court stayed the instant action "pending resolution of the Glock litigation in the Northern District of Georgia" on the ground that "allowing this suit to proceed would require this Court to decide issues of fact material to the underlying litigation," which would prejudice Wuster as long as the underlying litigation was ongoing.  See Dkt. 42 (Stay Order), at 7-8.  As the Court further explained, there were additional grounds warranting a stay:

> If this declaratory action were to go forward, the insureds would have to litigate a contentious intellectual property infringement lawsuit at the same time as this suit against their insurer.  Moreover, barring a transfer of venue, the two litigations would proceed in federal district courts on opposite sides of the country.

Id. at 7.

Nearly two years later, on August 15, 2016, defendant The Wuster Inc. ("movant") filed the instant ex parte application for a temporary restraining order "requiring [Landmark] to abide by the Court's prior order from September 22, 2014," which—according to movant—"ordered the action stayed, *and order[ed] Landmark to continue to pay for Wuster's defense*."  Dkt. 58 (Ex Parte), at 1 (emphasis added).  In its application, movant avers that Landmark has paid legal fees and costs incurred by Wuster in defense of the Glock action, subject to a reservation of rights, through July 2016, but recently decided to "suddenly den[y] coverage and [withdraw] its defense . . . without any determination by this Court" upon its own determination "that there was no potential for coverage in the Glock Action."  Id. at 6.

On August 17, 2016, Landmark filed an opposition to the instant ex parte application.  Dkt. 59 (Opp'n).  In its opposition, Landmark rightly notes that despite movant's assertion to the contrary, this Court's order staying the instant suit *did not* "order[] Landmark to continue to pay for Wuster's defense in the Glock action."  Id. at 4.  Rather, as a review of the Court's order indicates, the Court simply stayed this

---

and (5) equitable subrogation from Sentinel and the insureds.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:14-cv-04229-CAS(JCx) | Date | August 26, 2016 |
| Title | LANDMARK AMERICAN INSURANCE CO. v. KENT DE-HUI WU, ET AL. | | |

declaratory action "pending resolution of the Glock litigation." Stay Order, at 8. At the present time, the Court's Stay Order remains in place, and given that the Glock action appears to be ongoing, a lift of the stay would simply "compell[] [Wuster] to fight a two-front war, doing battle with the plaintiffs in the third party litigation [in Georgia] while at the same time devoting its money and its human resources to litigating coverage issues with [Landmark]" in this action. <u>Montrose Chem. Corp. v. Superior Court (Canadian Universal Ins. Co.)</u>, 25 Cal. App. 4th 902, 910 (1994), thereby engaging Wuster in the very "two-front war" that the Court's Stay Order was meant to avert.

 Plainly, Wuster has provided no evidence that Landmark has violated this Court's stay. This Court has never "ordered [Landmark] to continue to pay for Wuster's defense in the Glock action," Ex Parte at 4, but has instead stayed Landmark's declaratory relief action in order to avoid prejudicing movant's defense in the Glock action. Therefore, movant's request that this Court order Landmark "to keep paying the defense costs of The Wuster Inc. in [the Glock action]" lacks merit. Dkt. 58-6 (Movant's Proposed Order). Accordingly, movant's ex parte application is **DENIED**.

 IT IS SO ORDERED.

| | 00 | : | 00 |
|---|---|---|---|
| | Initials of Preparer | | CMJ |